1   **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Tari Baker,                          )   No. CV 10-2061-PHX-MHM
                                         )
10              Plaintiff,               )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12                                       )
    American Home Mortgage Services,     )
13                                       )
                Defendant.               )
14                                       )
                                         )
15

16

17          Currently pending before the Court is Plaintiff Tari Baker's Motion for Temporary

18  Injunction (doc. 2).    Plaintiff asserts in her motion that the court should enter this

19  preliminary injunction without notice to defendant because plaintiff will suffer immediate

20  and irreparable injury, loss or damage if the order is not granted before defendant can be

21  heard.

22          On September 27, 2010, Plaintiff filed a complaint with the Court and also filed a

23  Motion for Temporary Injunction.   It appears from the complaint  that the Plaintiff

24  obtained a mortgage from Defendant by signing a promissory note for $344,000.  It also

25  appears that the loan was secured by a deed of trust on Plaintiff's property at 29453 N.

26  51st Street, Cave Creek, AZ 85331.  Plaintiff alleges various grievances against

27  Defendant, including that she was fraudulently induced to enter the contract with

28  Defendant, that she was charged "false fees" by Defendant, that Defendant's lien on the

1   property is invalid, that Defendant has engaged in fraud in connection with her loan, that

2   Defendant was unjustly enriched, that defendant acted negligently and in breach of its

3   fiduciary duty along with numerous other claims.  Plaintiff states this loan was

4   unaffordable and she notes that the Defendant scheduled a foreclosure sale of for August

5   14, 2010.  Plaintiff wants the Court to enjoin the Defendant from foreclosing on

6   Petitioner's property.   Other than provide a date for which the foreclosure sale was

7   scheduled, which passed almost seven weeks ago, Plaintiff has provided no further

8   information about the sale proceedings – whether the sale took place on August 14th, or

9   precisely what action Plaintiff wants the Court to enjoin.

10          It is clear, however, that Plaintiff has not provided Defendant with notice of the

11   instant TRO petition. Rule 65(b) of the Federal Rules of Civil Procedure requires that any

12   TRO issued without notice include "specific facts in an affidavit or a verified complaint

13   [which] clearly show that immediate and irreparable injury, loss, or damage will result to

14   the movant before the adverse party can be heard in opposition,"and that "the movant's

15   attorney certifies in writing any efforts made to give notice and the reasons why it should

16   not be required."   Fed. R. Civ. P. 65(b)(1)(A)–(B).  The Ninth Circuit has cautioned

17   district courts against issuing a TRO without notice to the adverse party, stating that the

18   "[c]ircumstances justifying the issuance of an ex parte order are extremely limited."

19   Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing

20   Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974)).

21          In the instant case, Plaintiff has not met the demands of Rule 65(b) since her

22   petition was not accompanied by an affidavit or a verified complaint explaining why

23   Defendants have not been provided with notice of this matter and a certified writing

24   explaining their efforts to give notice and why it should not be required.  Furthermore, the

25   urgency of Plaintiff's TRO is not apparent from its contents as Plaintiff only provided the

26   date for which the foreclosure sale was scheduled – a date which passed almost seven

27   weeks ago - without providing any further information about whether the sale occurred,

28   or the status of foreclosure proceedings.  Accordingly, the Court cannot determine from

- 2 -

1   her papers if requiring Plaintiff to comply with Rule 65(b) will cause her prejudice.

2   Therefore, before the Court will consider Plaintiff's request for relief, Plaintiff must

3   notify Defendants and provide proof of that notice to this Court.   If Plaintiff believes that

4   such notice should not be required, she must explain to this Court, in compliance with

5   Rule 65(b), the reasons for that belief.

6          DATED this 30th day of September, 2010.

7

8

9

10                                          Mary H. Murguía
                                      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28