Tawn T. Pritchette (#019955)
Craig A. Morgan (#023373)
PERKINS COIE BROWN & BAIN P.A.
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
TPritchette@perkinscoie.com
CMorgan@perkinscoie.com
docketphx@perkinscoie.com

Attorneys for Defendant
American Home Mortgage Servicing, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Tari Baker,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>American Home Mortgage Service,<br><br>　　　　　Defendant. | No. 2:10-cv-02061-MHM<br><br>**MOTION TO DISMISS** |

**Motion to Dismiss**

Defendant American Home Mortgage Servicing, Inc.[1] ("AHMSI"), pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), moves to dismiss Plaintiff Tari Baker's Complaint. This Motion is supported by the following memorandum and the pleadings on file in this matter.

**Supporting Memorandum**

*Preliminary Statement*

AHMSI is a Fannie Mae/Freddie Mac approved servicer of residential mortgage loans engaged in the business of servicing single family residential mortgage loans secured by properties located in all 50 states and the District of Columbia.[2] AHMSI does not own the loans that it services nor does the Complaint allege as much.

Much of Ms. Baker's Complaint appears to be taken nearly word-for-word from a sample complaint available on the internet. *See* http://www.scribd.com/doc/36849128/Basis-for-Complaint (accessed Nov. 18, 2010, 11:48 AM).[3] That said, the Complaint appears to emanate from an unidentified loan agreement and alleges several unsubstantiated claims, some of which are not actionable because they simply do not exist, and the remainder of which fail to meet the threshold standard to state a cause of action under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Thus, for the reasons that follow, the Complaint should be dismissed.

---

[1] The Complaint erroneously named American Home Mortgage Service as defendant, but the other pleadings in this matter (e.g., the affidavit of service) clearly show AHMSI.

[2] This is an adjudicative fact of which this Court can take judicial notice because it is "generally known within the territorial jurisdiction of [this Court]" and "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). Such sources of reliability include AHMSI's own website on which AHMSI describes itself to the public. *See* https://ahmsi3.com/servicing/ahmsi_aboutus.asp (last accessed November 18, 2010).

[3] The sample, titled "Some nifty info for a complaint," specifically states that it is taken from a predatory lending suit. Ms. Baker has not bothered to remove the many references to "lender" that appear in the sample complaint, despite the fact that the instant suit has not been brought against a lender.

-1-

*Legal Argument*

## I. MS. BAKER ASSERTS SEVERAL "CLAIMS" THAT DO NOT EXIST

Ms. Baker's contentions with respect to "no proper evidence of agency," "special purpose vehicle," "agent practiced upselling," "extra profit," "extra commission for late payments," "extra income for handling foreclosure," "credit default swap gambling," "lender attempting to fraudulently collect on void lien," "lender profit by credit default swap derivatives," "lender charged false fees," "business practices concerning disregarding of underwriting standards," "low-documentation/no-documentation loans," "easing of underwriting standards," and "risk layering," each fail to state a claim upon which relief can be granted because those "claims" do not exist; they have no basis in case law or statute and Ms. Baker does not invoke any such support. Thus, to the extent Ms. Baker attempts to allege such claims, they should be dismissed.

## II. MS. BAKER'S REMAINING CLAIMS FAIL BECAUSE THEY ARE NOT PLAUSIBLE

"A claim must be supported by 'a short and plain statement' with enough heft to 'show that the pleader is entitled to relief.'" *Castaneda v. City of Williams*, No. CV07-00129-PCT-NVW, 2007 WL 1713328 *1 (D. Ariz. June 12, 2007) (citing Fed. R. Civ. P. 8(a)(2)). "This Rule is designed to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"To survive a motion to dismiss for failure to state a claim upon which relief can be granted . . .'factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Thus, "[d]ismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is 'plausible

-2-

on its face.'" *Castaneda*, 2007 WL 1713328, at *1 (quoting *Bell Atl. Corp.*, 550 U.S. at 569).

In this case, not one claim Ms. Baker makes in her Complaint is plausible—against AHMSI or anyone else—and for that reason alone her Complaint should be dismissed.

**A.     Only The FTC Can Assert Claims Pursuant To 15 U.S.C. § 45.**

Ms. Baker alleges that AHMSI engaged in a variety of unfair and unlawful business practices prohibited by "15 U.S.C. § 45 *et seq.*" [Doc. 1 at 14]  In addition to Ms. Baker's failure to identify any specific unfair or unlawful business practice, let alone one attributable to AHMSI, 15 U.S.C. §§ 45(a) and (b) empower ***only the Federal Trade Commission*** to remedy Title 15 violations.  *See* 15 U.S.C. § 45(a)(2) ("The <u>Commission</u> is hereby empowered and directed to prevent . . . unfair methods of competition in or affecting commerce and unfair or deceptive acts or practices in or affecting commerce.") (emphasis added); 15 U.S.C. §45(b) ("Whenever the <u>Commission</u> shall have reason to believe that any such person, partnership, or corporation has been or is using any unfair method of competition or unfair or deceptive act or practice . . . *it* shall issue and serve . . . a complaint") (emphasis added).  Ms. Baker simply has no private right of action under Title 15 as pled in her Complaint.

**B.     Ms. Baker Cannot Assert A Civil Conspiracy Claim In Arizona.**

There is "no such thing as a civil action for conspiracy" under Arizona law. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 131, 412 P.2d 47, 63 (1966). Put differently, "a mere agreement to do a wrong imposes no liability [but] an agreement plus a wrongful act may result in liability." *Elliot v. Videan*, 164 Ariz. 113, 117, 791 P.2d 639, 643 (Ct. App. 1989) (recognizing claim for conspiracy to defraud); *see also Tovrea Land & Cattle Co.*, 100 Ariz. at 131, 412 P.2d at 63 (1966).

Ms. Baker's allegations of "lender conspir[ing] with appraiser" and "lender conspir[ing] with trustee" are at best conclusory claims for conspiracy and nothing more. [Doc. 1 at 13]  Such "claims" fail as a matter of law.  *See Tovrea Land & Cattle Co.*, 100 Ariz. at 131, 412 P.2d at 63; *Elliot*, 164 Ariz. at 117, 791 P.2d at 643.  Further, to the

-3-

1  extent they could plausibly be read to state some sort of claim for relief, those "claims" are not properly asserted against AHMSI because it is a servicer and not a lender, appraiser or trustee as stated in the Complaint (and Ms. Baker does not allege anything to the contrary).  Thus, Ms. Baker's conspiracy-related claims fail.

### C. Ms. Baker Cannot Assert A Claim For "Criminal Conspiracy And Theft."

Ms. Baker seems to assert a "criminal conspiracy and theft" claim.  [Doc. 1 at 9]  This claim fails for two reasons.  First, "[a] plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions . . . ."  *Bell Atl. Corp.*, 550 U.S. 544, 555 (2007).  Ms. Baker fails to invoke any legal or statutory basis for her claim, which is entirely based on mere legal and factual conclusions.

Second, even assuming Ms. Baker alleges a violation of Title 18, the United States Criminal Code, those statutes generally do not provide individuals with private causes of action.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that Title 18's "criminal provisions . . . provide no basis for civil liability"); *Nordbrock v. U.S.*, 96 F. Supp. 2d 944, 948 (D. Ariz. 2000) (rejecting private causes of action asserted under Title 18); *Clark v. Glendale Union High Sch. Dist. No. 205,* No. 05-3421-PHX-ROS, 2006 WL 58025, at *1, *2 (D. Ariz. Jan. 9, 2006) (dismissing claims under Title 18 because "[t]hese statutes 'provide no basis for civil liability.'") quoting *Aldabe* at 1092.

### D. Ms. Baker's Intentional Torts Fail Because She Concedes That AHMSI Did Not Act With The Requisite Intent.

Ms. Baker tries to assert claims for fraud and intentional infliction of emotional distress ("IIED").  [Doc. 1 at 10, 21 and 23]  But these claims require the actor to have acted with a measure of ***intent***[4], and Ms. Baker alleges that she:

---

[4] IIED, by its very name, requires the actor to have acted with the requisite intent or reckless disregard (which necessarily requires a measure of awareness).  *See Roll v. City of Phoenix*, No. CV-10-00701-PHX-DGC, 2010 WL2899063, at *1, *3 (D. Ariz. Jul. 22, 2010) (intent to cause severe emotional distress, or reckless disregard, is an element of IIED).  Moreover, intent is also an essential element of fraud.  *See Enyart v. Transamerica Ins. Co.*, 195 Ariz. 71, 77, 985 P.2d 556, 562 (App. 1998) (one essential element of fraud

-4-

> has no reason to believe that the Agent, loan officer, appraiser, and others were ***consciously aware*** that what they were doing was part of an ongoing criminal conspiracy, only that it was, and they, at the very least, kept themselves negligently uninformed of the wrongs they were perpetrating. Petitioner maintains ***the real culprit is the system itself, including the courts***, for failure to strictly enforce the consumer protection laws.

[Document ("Doc.") 1 at 2 (emphasis added)]  Thus, according to Ms. Baker, AHMSI lacked the intent necessary to commit the torts of fraud and intentional infliction of emotional distress because AHMSI was not "consciously aware" of what it allegedly did. Accordingly, these claims should be dismissed.

**E.     Ms. Baker's IIED Claim Also Fails Because It Lacks Plausibility.**

"A claim for IIED has three elements: extreme and outrageous conduct by the defendant, defendant's intent to cause emotional distress or reckless disregard of the near certainty that such distress will result from the conduct, and resulting severe emotional distress." *Roll*, 2010 WL2899063, at *3.  Further, "legal conclusions couched as factual allegations are not given a presumption of truthfulness, and 'conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss'" an IIED claim. *Id*., quoting *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

Ms. Baker's IIED claim is at best a mere recitation of the requisite legal elements couched as factual allegations. For example, Ms. Baker conclusorily states that:

> [t]he conduct committed by Defendants, driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge of Defendants, was extreme and outrageous and not to be tolerated by a civilized society.

[Doc. 1 at 23]  Ms Baker does not claim that AHMSI acted extremely or outrageously, intentionally, or with reckless disregard. At best, Ms. Baker just concludes that IIED's elements exists by couching her legal conclusions as terse factual allegations. Such pleading fails to state a plausible claim for relief. *See Pareto*, 139 F.3d at 699.

---

is "the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated").

-5-

**F.     Ms. Baker's Fraud-Related Claims Also Fail Because They Lack Plausibility.**

In Arizona the elements of a fraud claim are:

(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury.

*Enyart*, 195 Ariz. at 77, 985 P.2d at 562. A party alleging fraud "must state with particularity the circumstances constituting fraud" at the outset. Fed. R. Civ. P. 9(b). "To avoid dismissal for inadequacy under Rule 9(b), [a plaintiff's] complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (dismissing fraud claim). In other words, "[a] plaintiff must set forth ***more*** than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quotations and citation omitted). Further, Rule 9(b) is not limited to allegations of fraud, but rather applies to "all cases where the gravamen of the claim is fraud." *Pitten v. Jacobs*, 903 F. Supp. 937, 951 (D.S.C. 1995).

Ms. Baker asserts claims for "fraudulent inducement" (at 10); "lender attempting to fraudulently collect on void lien" (at 10); and "common law fraud" (at 21). These claims fail for two reasons. First, AHMSI is not identified in connection with any of Ms. Baker's fraud-related claims. For example, Ms. Baker's "fraudulent inducement" claim, in its entirety, states that: "Lender maliciously induced petitioner to accept a loan product, Lender knew, or should have known, Petitioner could not afford in order to unjustly enrich Lender." [Doc. 1 at 10] Ms. Baker's claim that an unspecified "Lender" attempted to fraudulently collect on a void lien similarly fails to implicate AHMSI (or any specific person or entity). [*Id*.] A fraud claim cannot be maintained against a party who is not even alleged to have acted fraudulently, thus Ms. Baker's fraud-related claims falter.

1    Second, Ms. Baker fails to specifically (i) identify who participated in the alleged fraudulent conduct; (ii) state when and against whom the alleged conduct was perpetrated; and (iii) state the content of any false information conveyed, by whom and to whom the information was conveyed, and when the conveyance occurred.  At best, Ms. Baker claims, upon information and belief, that an unspecified "Agent et al" helped other unspecified "Agents" in connection with "promulgating" unspecified "false representations" in connection with an unidentified "Loan."  [Doc. 1 at 21]  Such conclusions fail to satisfy Rule 9(b), let alone state a plausible claim against AHMSI.  For these reasons, too, Ms. Baker's fraud-based claims should be dismissed.

### G.    Ms. Baker Fails To State A Negligence Claim Against AHMSI.

While Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, it requires "more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

For negligence purposes, "[w]hether a duty exists is decided by the Court as a matter of law." *Bowman v. Wells Fargo Bank, N.A.*, CV-09-271-PHX-DCG, 2010 WL 1408893, at *3 (D. Ariz. Apr. 7, 2010).  Ms. Baker generally alleges that AHMSI owes her a duty of care, while failing to allege facts that show *why* a duty of care is owed, or to make more than conclusory statements that the general "duty" was breached.  [*See* Doc. 1 at 20]  Thus, Ms. Baker fails to state a claim for which relief may be granted. *Madrueno v. Homecomings Fin. Co.*, CV-09-1413-PHX-DGC, 2010 WL 1654150, at *3 (D. Ariz. Apr. 21, 2010) (granting defendants' motion to dismiss where the Plaintiff generally alleged a duty of care, but failed to show facts why the duty was owed and made only conclusory statements that the duty was breached).

Further, and most importantly, the facts Ms. Baker *does* provide with respect to the alleged duty owed to her appear to arise out of a loan origination and do not relate to AHMSI in its role as a loan servicer.  [*See* Complaint at 20 ("Defendants owed a duty of

-7-

1 care under TILA, HOEPA, **RESPA** and the Regulations X and Z promulgated there under
2 to, among other things, provide proper disclosures concerning the terms and conditions of
3 the loans they marketed, to refrain from marketing loans they know or should have known
4 that borrowers could not afford or maintain, and to avoid paying undue compensation
5 such as "yield spread premiums" to mortgage Agents and loan officers.")]  Ms. Baker has
6 not—and could not—allege that AHMSI "market[ed] loans" that it knew or should have
7 known "that borrowers could not afford or maintain," or that AHMSI paid "undue
8 compensation such as 'yield spread' premiums' to mortgage Agents and loan officers"
9 because AHMSI does not lend money.  [*Id.*]  These allegations, presumably plucked from
10 a form complaint alleging predatory lending, simply cannot apply to AHMSI, a servicer.

**H.    Ms. Baker Fails To State A Negligence Per Se Claim Against AHMSI.**

Negligence per se exists when "a valid statute or regulation provides that a certain thing must or must not be done" and the "failure to comply with such regulation is a proximate cause of injury to another." *Miller v. Massi*, CV-06-2106-PCT-FJM, 2007 WL 841397, at *2 (D. Ariz. Mar. 16, 2007).

Again, Ms. Baker has not and cannot assert that AHMSI, a loan servicer, failed to "provide proper disclosures concerning the terms and conditions of the loans [it] marketed," that it "market[ed] loans" that it knew or should have known "that borrowers could not afford or maintain," or that AHMSI paid "undue compensation such as 'yield spread' premiums' to mortgage Agents and loan officers."  [Doc. 1 at 20]  These requirements simply do not apply to servicers and this claim fails.  *See* §§ I and J, below.

**I.    Ms. Baker Fails To State A Breach Of Fiduciary Duty Claim Because AHMSI Owes Her No Such Duty.**

"A fiduciary relationship is a confidential relationship whose attributes include great intimacy, disclosure of secrets, or intrusting of power." *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 24, 945 P.2d 317, 335 (Ct. App. 1996) (citations and quotations omitted).  "[A] fiduciary relationship can be created ***only*** when one party ***agrees*** to serve as a fiduciary for another." *Cachet Residential Builders, Inc. v. Gemini*

-8-

*Ins. Co.*, No. CV-07-1256-PHX-ROS, 2009 WL 692324, at *1, *3 (D. Ariz. Mar. 17, 2009) (emphasis added). In Arizona the lender-borrower relationship is not fiduciary in nature; the relationship is merely that of a debtor and creditor. *See Urias v. PCS Health Sys. Inc.*, 211 Ariz. 81, 87-88, 118 P.3d 29, 35-36 (App. 2005) (holding that an "ordinary contractual" debtor/creditor relationship is not a fiduciary relationship); *McAlister v. Citibank*, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992) (holding that no fiduciary relationship exists between a bank and its customer).

Ms. Baker does not allege that AHMSI agreed to serve as her fiduciary, nor does she allege facts that would "nudge" her conclusory claim of such a breach "across the line from conceivable to plausible." *Ashcroft*, 129 S.Ct. at 1949. Further, Ms. Baker's relationship with AHMSI is at best one of a debtor and creditor; such a relationship does not give rise to a fiduciary duty. *Urias*, 211 Ariz. at 87-88. Ms. Baker's breach of fiduciary duty claim must be dismissed.

**J.     Ms. Baker Cannot State A Truth In Lending Act Or Home Owner Equity Protection Act Claim Against AHMSI.**

Ms. Baker alleges that "Defendant" violated the Truth in Lending Act ("TILA") and that an unspecified Home Owner Equity Protection ("HOEPA") violation occurred.[5] [Doc. 1 at 18, 23]  These claims are presumably related to an unidentified "consumer contract" concerning "a primary residence located at 29453 N. 51st Street Cave Creek AZ 85331" (the "Property"). [Doc. 1 at 1]

Ms. Baker did not attach the "consumer contract" to her Complaint; however, a search of the Maricopa County Recorder's Office's official records reveals that a deed of trust was recorded on May 26, 2006 securing a $344,000.00 loan[6] (the "Loan") made to

---

[5] HOEPA merely amended TILA. For purposes of economy, however, references to TILA are also meant to be references to HOEPA, and the bases for dismissing Ms. Baker's TILA claim apply equally to her HOEPA claim.

[6] This loan is presumably the "consumer contract" Ms. Baker mentions in her Complaint given her reference to the monetary amount of $344,000.00 (at 3). This Court's September 30, 2010 Order supports such a conclusion. [*See* Doc. 4 at 1 ("It appears from the complaint that Plaintiff obtained a mortgage . . . by signing a promissory note for $344,000.")]

1  Ms. Baker pursuant to a promissory note dated May 18, 2006. [*See* Exhibit A (Certified Copy of Deed of Trust) at 2][7] To the extent that Ms. Baker alleges a TILA or HOEPA claim related to the Loan, her claim fails because (i) it is untimely; and (ii) AHMSI cannot be subject to TILA or HOEPA liability because AHMSI is a servicer, not a creditor.

### 1. Ms. Baker's TILA and HOEPA claims are untimely.

Generally a TILA claim must have been made within one year "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitations period for such claims runs from "the date of consummation of the transaction." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13). TILA also provides a right of rescission, but such a claim "shall expire three years after the date of consummation of the transaction . . . ." 15 U.S.C. § 1635(f).

Here, the Loan was consummated in 2006. [*See* Exhibit A at 2] Accordingly, Ms. Baker's 2010 TILA and HOEPA claims—*filed over four years after consummation of the Loan*—are untimely.

### 2. AHMSI, a servicer, is not subject to TILA or HOEPA liability.

Only a "creditor" is responsible for making disclosures under TILA because its liability provision applies only to the "creditor required to make disclosure[s]." 15 U.S.C. §1640(a) (authorizing statutory damages for violations of TILA prescriptions governing consumer loans as follows: "(a) [A]ny *creditor* who fails in connection with any consumer credit transaction to disclose to any person any information required . . . ." (emphasis

---

[7] This fact, established by a certified public record, is also one of which this Court can take judicial notice because its accuracy is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned"— here, the certified records of a public agency. Fed. R. Evid. 201. Further, the Court can consider the attached deed of trust without converting this Motion to Dismiss to a motion for summary judgment because, although not attached to the Complaint, Ms. Baker necessarily relies on the deed of trust by alleging that the case arises from a related loan transaction. *See Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (holding that, for Rule 12(b)(6) purposes, a court may consider documents that are not attached to the complaint if their authenticity are not contested and the complaint necessarily relies upon them). *See also* n.4, *supra*.

1 added)); *see also In re Ferrell,* 539 F.3d 1186, 1190 (9th Cir. 2008) ("The Truth in Lending Act provides a cause of action for consumers to obtain actual or statutory damages for a ***creditor's*** failure to comply with certain requirements of the Act . . . . [A]ny ***creditor*** who fails to comply with any requirement imposed under [TILA] is liable to any consumer doing business with the ***creditor***." (emphasis added)).

Further, the circumstances under which the assignee of a creditor can be held liable for violations of TILA are outlined in 15 U.S.C. §§ 1641(f)(1) and (2), which state in pertinent part:

> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.
>
> …
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation.

A "servicer" ascribed the definition set forth in 12 U.S.C. § 2605(i)(2) as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *See* 15 U.S.C. § 1641(f)(3).

Here, AHMSI cannot be held liable under TILA for several independent reasons. First, TILA's disclosure requirements apply to "creditors." 15 U.S.C. §1640(a). AHMSI is not the "creditor" of the Loan, thus, AHMSI has no TILA liability.

Second, Plaintiff fails to state exactly how AHMSI violated TILA or which specific provisions of TILA were allegedly violated. For this reason, too, Ms. Baker's TILA claim fails. *See* Fed. R. Civ. P. 8.

Third, AHMSI is a "servicer" as defined in 15 U.S.C. § 1641(f)(3) in that AHMSI is a Fannie Mae/Freddie Mac approved servicer of residential mortgage loans that does not own, and never owned, any loan related to Ms. Baker. *See* n.2, above. Ms. Baker does not allege the contrary in her Complaint and this Court cannot assume the existence of facts Ms. Baker has not pled. *See Associated Gen. Contractors of Cal. v. Cal. State*

1  *Council of Carpenters*, 459 U.S. 519, 526 (1983) (court cannot assume existence of facts
2  not pled in complaint); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*,
3  407 F.3d 1027, 1035 (9th Cir. 2005) (similar).  Thus, AHMSI cannot be liable under
4  TILA because servicers have no liability as assignees for purposes of servicing a
5  consumer credit obligation where there is no allegation that the servicer owned or owns
6  the obligation it services.  15 U.S.C. § 1641(f).

7  Finally, the Complaint concerns alleged violations that would have occurred, if
8  ever, at the time the Loan was originated.  AHMSI – a mere loan servicer – did not
9  originate the Loan and the Complaint does not allege as much.  Thus, AHMSI cannot be
10 held liable under TILA.

11 **K.    Ms. Baker Cannot Assert A Real Estate Settlement Procedures Act Claim Against AHMSI.**
12

13 Ms. Baker alleges violations of the Real Estate Settlement Procedures Act
14 ("RESPA"), yet she does not allege that ***AHMSI*** committed those violations.  [Doc. 1 at
15 12-13 (listing various alleged RESPA violations but not alleging AHMSI committed
16 them)]  Then (at 20) Ms. Baker alleges that "Defendants breached their duties" to her by
17 failing to comply with RESPA, yet she fails to specify what provisions of RESPA have
18 been violated or state any specific allegations regarding how ***AHMSI*** violated any
19 provision in RESPA.

20 Ms. Baker's claim is even weaker than the RESPA claim rejected in *Tompkins v.*
21 *Bank of America National Association*, No. CV-09-2014-PHX-GMS, 2010 WL 396367
22 (D. Ariz. Jan. 28, 2010).  In *Tompkins* the complaint stated that "in violation of 12 U.S.C.
23 § 2607 [a specific provision of RESPA], and in connection with the mortgage loan to
24 plaintiff[s] . . . Defendants accepted charges for the rendering of real estate which were in
25 fact for other than services actually performed." *Id.* at 4.  The *Tompkins* court ruled that
26 (i) this "statement was nothing more than a 'legal conclusion' combined with a 'recitation
27 of [some of the] elements of a cause of action,' neither of which is sufficient to survive
28 dismissal;" (ii) the complaint lacked facts sufficient to put either the "Defendants or the

-12-

1  Court on notice of Plaintiffs' claims;" and (iii) therefore the complaint failed to raise a
2  "reasonable inference" of Defendants' liability. *Id.*

3  Here, Ms. Baker's Complaint fails to identify the specific provision of RESPA
4  violated or how exactly AHMSI violated that unspecified provision—all far less than that
5  which the *Tompkins* court found insufficient. This Court should not assume Ms. Baker
6  can allege facts showing that AHMSI violated RESPA. *See Associated Gen. Contractors
7  of Cal.*, 459 U.S. at 526; *Jack Russell Terrier Network of N. Cal.*, 407 F.3d at 1035. And
8  if a complaint stating that specific conduct with regard to a specific provision of RESPA
9  fails to state a claim upon which relief can be granted, then Ms. Baker's generalized
10 reference to "RESPA," without citation to any statutory provision or specific facts
11 supporting AHMSI's violation of any specific law, must fare no better.[8]

12 **L.     Ms. Baker Cannot Assert A Contract-Related Claim Against AHMSI.**

13 In Arizona, "[t]he law implies a covenant of good faith and fair dealing in every
14 contract." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). "The
15 duty arises by virtue of a contractual relationship" and "[t]he essence of that duty is that
16 neither party will act to impair the right of the other to receive the benefits which flow
17 from their agreement or contractual relationship." *Id.* at 153-54, 726 P.2d at 569-70; *see
18 also Kincaid v. Wells Fargo Bank, N.A.*, No. CV-10-579-PHX-DGC, 2010 WL2899058,
19 at *1, *3 (D. Ariz. Jul. 22, 2010) (finding no breach of covenant where defendant did not
20 breach a specific promise in the contract).

21 Here, Ms. Baker asserts, in what appear to be allegations borrowed from a motion
22 to dismiss, that she has "properly averred" that "Defendants" breached the covenant of

---

[8] Ms. Baker proffers an analysis of "equitable tolling for TILA and RESPA" but does not actually state why her TILA and RESPA claims should be equitably tolled. [Doc. 1 at 14-15] Equitable tolling, however, "focuses on whether there was excusable delay by the plaintiff." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (reversing application of equitable tolling). Ms. Baker does not explain her delay or whether (or why) her delay is reasonable, let alone excusable. Thus, the doctrine cannot save Ms. Baker's TILA and RESPA claims from dismissal.

-13-

1  good faith and fair dealing. [Doc 1 at 21-22] To support her claim, Ms. Baker concludes
2  that:

3  > All Defendants willfully breached their implied covenant of good faith and fair dealing with Petitioner when Defendants: (1) Failed to provide all of the proper disclosures; (2) Failed to provide accurate Right to Cancel Notices; (3) Placed Petitioner into Petitioner's current loan product without regard for other more affordable products; (4) Placed Petitioner into a loan without following proper underwriting standards; (5) Failed to disclose to Petitioner that Petitioner was going to default because of the loan being unaffordable; (6) Failed to perform valid and/or properly documented substitutions and assignments so that Petitioner could ascertain Petitioner['s] rights and duties; and (7) Failed to respond in good faith to Petitioner's request for documentation of the servicing of Petitioner's loan and the existence and content of relevant documents.

10 [Doc. 1 at 22] Then, Ms. Baker claims, "Defendants breached their implied covenant of
11 good faith and fair dealing" by "initiat[ing] foreclosure proceedings . . . ." [*Id.*] These
12 conclusory allegations fail to state a claim for relief for multiple reasons.

13 First, Ms. Baker fails to identify the specific agreement at issue. Neither AHMSI
14 nor this Court can be left to speculate what specific agreement has been breached. *See*
15 Fed. R. Civ. P. 8. At a minimum the specific agreement at issue should be identified so
16 that AHMSI can understand the scope of the claim it must defend against. Ms. Baker has
17 failed to identify that agreement, thus, she cannot have a plausible claim for breach of the
18 implied covenant of good faith and fair dealing. *See* Fed. R. Civ. P. 8, *Bell Atl. Corp.*, 550
19 U.S. at 555.

20 Second, Ms. Baker fails to assert in her Complaint that the purported "breaches"
21 were related to rights or benefits she was entitled to receive pursuant to an agreement with
22 AHMSI. Thus, Ms. Baker has failed to even state a prima facie claim for a breach of the
23 implied covenant of good faith and fair dealing. Accordingly her claim should be
24 dismissed. *See Kincaid*, 2010 WL2899058, at *3 (finding no breach of covenant where
25 defendant did not breach a specific promise in the contract); *Salazar*, 2010 WL3998047,
26 at * 6 (making a similar finding).

27 Finally, assuming the unidentified agreement at issue is related to the Loan,
28 AHMSI is not a party to the Loan, and thus, cannot have breached any related agreements.

-14-

[*See* Exhibit A at 1 (defining "Borrower" as Ms. Baker and "Lender" as non-party American Broker's Conduit)]  *See Salazar v. Lehman Bros. Bank*, No. CV-10-0099-PHX-DGC, 2010 WL3998047, at *1 (D. Ariz. Oct. 12, 2010).  In *Salazar*, the plaintiff alleged a loan servicer breached a contract and the implied covenant of good faith and fair dealing.  *Id*. at *6.   The *Salazar* court found that the defendants—including a loan servicer—did not breach the implied covenant of good faith and fair dealing because "they were not parties to the promissory note and deed of trust."  *Id*.  Here, the Deed of Trust shows that Ms. Baker and AHMSI have no contractual relationship at all.  The outcome here should be no different than that in *Salazar*.

**M.     Ms. Baker Fails To State A Quiet Title Claim.**

Arizona Revised Statute § 12-1102 sets forth the following requirements for a complaint asserting a quiet title claim:

The complaint shall

1.     Be under oath.

2.     Set forth generally the nature and extent of plaintiff's estate.

3.     Describe the premises.

4.     State that plaintiff is credibly informed and believes defendant makes some claim adverse to plaintiff.  When the state is made defendant, the complaint shall set forth with particularity or on information and belief the claim of the state adverse to plaintiff.

5.     Pray for establishment of plaintiff's estate and that defendant be barred and forever estopped from having or claiming any right or title to the premises adverse to plaintiff.

A.R.S. § 12-1102.

Assuming Ms. Baker's quiet title claim is directed toward AHMSI (and even this is unclear), it fails as a matter of law because: (i) the Complaint is not "under oath," A.R.S. § 12-1102(2); (ii) she does not "[s]et forth generally the nature and extent of [her] estate," A.R.S. § 12-1102(2); and (iii) she does not "[p]ray for establishment of [P]laintiff's estate and that [AHMSI] be barred and forever estopped from having or claiming any right or title to the premises adverse to [her]."  A.R.S. § 12-1102(5).  In fact, ***Ms. Baker does not***

-15-

1 *even allege that she has any interest in the property at issue*. [*See* Doc. 1 at 18-19]
2 Thus, because Ms. Baker fails to plead the requirements of the quiet title statute, let alone
3 allege that she even has an interest in the property at issue, her quiet title claim must be
4 dismissed. *See Sklar v. Town of Fountain Hills*, 220 Ariz. 449, 452-53, 207 P.3d 702,
5 704-05 (Ct. App. 2008) (statutory requirements are to be strictly construed and applied);
6 *Walter v. N. Ariz. Title Co.*, 6 Ariz. App. 506, 509, 433 P.2d 998, 1001 (Ct. App. 1967)
7 (recognizing that "generally a mandatory statute should be literally construed and strictly
8 applied"); *Lange v. Lotzer*, 151 Ariz. 260, 262, 727 P.2d 38, 40 (Ct. App. 1986) (holding
9 award of attorneys' fees in quiet title action improper when statutory requirements for
10 obtaining such an award were not met).

### N.     Ms. Baker Fails To State An Unjust Enrichment Claim.

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One*, 202 Ariz. 535, 541, 48 P.3d 485, 491 (Ct. App. 2002). The elements of an unjust enrichment claim are (i) an enrichment; (ii) an impoverishment; (iii) no justification for the enrichment and impoverishment; and (iv) no legal remedy. *See id*.

Ms. Baker's unjust enrichment claim consists of mere conclusions that unspecified "Defendants received a benefit at [her] expense" interspersed with a mere recitation of legal elements. [Doc. 1 at 18] In fact, when Ms. Baker conclusorily claims that "servicers" were unjustly enriched at her expense, she fails to name AHMSI, instead naming a non-party—"EMS."[9] [*Id*.] Ms. Baker does not even state how AHMSI (or anyone in particular) specifically impoverished her in an unjustified manner. Further, her laundry list of "benefits" (*i.e.*, commissions, back end payments, incentive bonuses, etc.) do not plausibly establish that AHMSI unjustly obtained such "benefits." Again, "a plaintiff's obligation to provide the 'grounds' of [her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

[9] This is no doubt a by-product of her plagiarism.

will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (citations omitted). Ms. Baker's unjust enrichment claim fails to enter the realm of plausibility and should be dismissed.

### O. Ms. Baker's "No Evidence Of Contractual Obligation" Claim Fails.

Ms. Baker's claim that there is "no evidence of [a] contractual violation" appears to be a claim that AHMSI cannot invoke this Court's subject matter jurisdiction. [*See* Doc. 1 at 8 ("Defendants are without standing to invoke the subject matter jurisdiction of the court")] This "claim" is nonsense. First, it is Ms. Baker who sued AHMSI and her Complaint asserts this Court has subject matter jurisdiction. Thus, subject matter jurisdiction over Defendants is irrelevant.

Second, to the extent that Ms. Baker is making a "show me the note" argument, courts "have routinely held that [a] show me the note argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (internal quotations omitted); *Levine v. Downey Sav. & Loan F.A.*, No. CV-09-1656-PHX-JAT, 2009 WL 4282471, at *1, *3 (D. Ariz. Nov. 25, 2009) ("The District Court of Arizona has repeatedly rejected the 'show me the note' argument for non-judicial foreclosure proceedings."). Either way, this claim (if it is one) must be dismissed.

### Conclusion

Ms. Baker's Complaint—borrowed heavily from arguments accessible on the internet—lacks substance and certainly does not state a possible, let alone plausible, claim for relief against AHMSI. Thus, for the reasons set forth above, the Complaint should be dismissed.

AHMSI is further entitled to an award of its attorneys' fees and costs pursuant to A.R.S. § 12-341 et seq., and any applicable contractual provision, because this contested case arises out of contract. AHMSI reserves its right by this initial pleading to seek those fees and costs if AHMSI is the prevailing party.

| | | |
|---|---|---|
| 1 | Dated: November 19, 2010 | **PERKINS COIE BROWN & BAIN P.A.** |

By: s/ Craig A. Morgan
    Tawn T. Pritchette
    Craig A. Morgan
    2901 N. Central Avenue, Suite 2000
    Phoenix, AZ  85012-2788

Attorneys for Defendant
American Home Mortgage Servicing, Inc.

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 19, 2010, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

☒ I hereby certify that on November 19, 2010, I served the attached document by hand delivery on Judge Mary H. Murguia, United States District Court of Arizona, 401 West Washington Street, Phoenix, Arizona 85003-2118.

☒ I hereby certify that on November 19, 2010, I served the attached document by first class mail on the following, who is not a registered participant of the CM/ECF System:

>   Tari Baker
>   29453 North 51st Street
>   Cave Creek, Arizona  85331

                    s/ Janet Roe

LEGAL19616506.1

-19-