1   Tawn T. Pritchette (#019955)
2   Craig A. Morgan (#023373)
    PERKINS COIE BROWN & BAIN P.A.
3   2901 North Central Avenue, Suite 2000
    Phoenix, Arizona  85012-2788
4   Telephone:  602.351.8000
    Facsimile:  602.648.7000
5   TPritchette@perkinscoie.com
6   CMorgan@perkinscoie.com
    docketphx@perkinscoie.com
7
8   Attorneys for Defendant
    American Home Mortgage Servicing, Inc.
9

10              UNITED STATES DISTRICT COURT

11                 DISTRICT OF ARIZONA

12

13  Tari Baker,                          No. 2:10-cv-02061-MHM

14              Plaintiff,

15      v.                               **DEFENDANT'S RESPONSE TO
                                         THE COURT'S NOVEMBER 10,
16  American Home Mortgage Service,      2010 ORDER**

17              Defendant.

18

19                            **Response**

20          In accordance with this Court's November 10, 2010 Text Only Order directing

21  Defendant American Home Mortgage Servicing, Inc.[1] ("AHMSI") to respond to the Ms.

22  Baker's Application for Entry of Default [Document ("Doc.") 11], AHMSI responds as

23  follows.

24                       **Preliminary Statement**

25          The Plaintiff's Application for Entry of Default should be denied, consistent with

26  the Court's policy of deciding cases on the merits whenever reasonably possible, because

27  _____

28  [1] The Complaint erroneously named American Home Mortgage Service as defendant, but the other pleadings in this matter (e.g., the affidavit of service) clearly show AHMSI is the intended defendant.

(i) AHMSI's failure to timely respond was in no way intentional or purposeful; rather it is at worst a result of excusable neglect; (ii) AHMSI has a meritorious defense to the claims asserted in the Complaint; and (iii) denying the Application for Entry of Default in no way prejudices Ms. Baker.

**The Facts**

## I.  SERVICE OF PROCESS

Ms. Baker filed this lawsuit on September 27, 2010.  According to the various versions of the Affidavit of Service, it appears AHMSI was served with copies of the Summons, the Complaint, and the Petition for Temporary Injunction on September 29, 2010 through its Texas statutory agent, despite the fact that AHMSI maintains a statutory agent in Arizona.  [Docs. 5, 8]

## II.  AHMSI'S PROTOCOL FOR PROCESSING A SUMMONS AND COMPLAINT

AHMSI is a Fannie Mae/Freddie Mac approved servicer of residential mortgage loans engaged in the business of servicing single family residential mortgage loans secured by properties located in all 50 states and the District of Columbia.

AHMSI has a standard process for assigning litigation cases to Perkins Coie for representation.  [*See* Declaration of Fred B. Rivera at ¶ 2, attached as Exhibit 1]  In general, upon receiving service of process, an AHMSI paralegal sends an email to Fred Rivera, the lawyer primarily responsible for managing Perkins Coie's representation of AHMSI in connection with real estate mortgage litigation.  [Ex. 1 at ¶¶ 1-2]  The email typically includes a copy of the Summons and Complaint for the new matter.  [Ex. 1 at ¶ 2]  The email requests that Perkins Coie respond as to whether the firm can provide legal representation.  [Ex. 1 at ¶ 2]  Mr. Rivera then causes a conflicts check to be performed; if conflicts are cleared, Mr. Rivera confirms that Perkins Coie can undertake the representation.  [Ex. 1 at ¶ 2]  At that point, an automated email from AHMSI's case management system is sent to Mr. Rivera's attention, advising that he has been granted access to a new case within the system.  [Ex. 1 at ¶ 2]  Automatic emails are also

-2-

1  generated from AHMSI's case management system for a variety of other reasons,
2  including for cases previously assigned to Perkins Coie.  [Ex. 1 at ¶ 2]  The case
3  management system tracks cases by the borrower's last name and loan number, not the
4  name of the lawsuit.  [Ex. 1 at ¶ 2]

5  **III.    WHAT WENT WRONG HERE**

6  In this particular case, there was an inadvertent mistake in the process of assigning
7  the case to Perkins Coie.  [Ex. 1 at ¶ 3]  On October 10, 2010, Mr. Rivera received an
8  automated email from AHMSI's case management system concerning a loan called
9  "Baker – 0031168545."  [Ex. 1 at ¶ 3]  Prior to this email, Mr. Rivera had not received an
10  email from AHMSI forwarding the Summons and Complaint or requesting that Perkins
11  Coie represent AHMSI in this particular matter.  [Ex. 1 at ¶ 3]  AHMSI has advised Mr.
12  Rivera that it inadvertently failed to send the standard initial processing email advising
13  him that Perkins Coie had been assigned the matter.  [Ex. 1 at ¶ 3]

14  To compound the unintentional error, there are currently two open AHMSI matters
15  Perkins Coie is handling in which the relevant borrower's last name is "Baker"; the only
16  way to distinguish between the two matters is on the basis of the 10-digit Loan Number.
17  [Ex. 1 at ¶ 4]  Both matters were filed within 20 days of each other, and both are within
18  AHMSI's case tracking system.  [Ex. 1 at ¶ 4]  Moreover, it is not uncommon that one
19  particular lawsuit may involve two or more loans to the same borrower, resulting in two or
20  more entries for the same borrower within AHMSI's case tracking system.  [Ex. 1 at ¶ 4]
21  It was only upon conducting a monthly review of the case management system that it was
22  discovered the two "Baker" matters concerned two different lawsuits.  [Ex. 1 at ¶ 4]  This
23  contributed to the mistake in communication regarding the assignment of the instant
24  "Baker" matter to Perkins Coie.  [Ex. 1 at ¶ 4]

25  The error in assignment to outside counsel was discovered on November 16, 2010.
26  [Ex. 1 at ¶ 5]  Prior to discovery of the error, AHMSI's litigation department and its
27  outside counsel were not aware that there had been a mistake in the processing of the

28

-3-

1   Complaint and assignment to outside counsel, and neither was in a position to respond to

2   the Summons and Complaint.  [Ex. 1 at ¶ 5]

3                                             **Legal Argument**

4   **I.       LEGAL STANDARD**

5            Default has not been entered against AHMSI—nor should it be, pursuant to the

6   factors informing the Court's discretion to set aside a default when one has been entered.

7   Courts examine three factors in determining whether there is good cause to set aside an

8   entry of default:  "whether the defendant's culpable conduct led to the default; whether the

9   defendant has a meritorious defense; and whether reopening the default judgment would

10  prejudice the plaintiff."  *Kajander v. Phoenix*, CV09-02164-PHX-JAT, 2010 WL 653386,

11  at *1 (D. Ariz. Feb. 19, 2010) (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d

12  691, 696 (9th Cir. 2001)).  These factors are considered in light of the Court's preference

13  of "settling disputes on the merits wherever possible."  *Id.*; *see also Eitel v. McCool*, 782

14  F.2d 1470, 1472 (9th Cir. 1986) ("Our starting point is the general rule that default

15  judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever

16  reasonably possible.").

17           These factors must be "liberally interpreted in favor of setting aside default."  *FOC*

18  *Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1082 (D.

19  Ariz. 2009) (internal quotations and citation omitted).  Where timely relief from default is

20  sought, "and the movant has a meritorious defense, doubt, if any, should be resolved in

21  favor of the motion to set aside the [default] so that cases may be decided on their merits."

22  *Mendoza v. Wight Vineyard Mgt.*, 783 F.2d 941, 945-46 (9th Cir. 1986).

23           Because default has not been entered, these factors weigh ***even more heavily*** in

24  favor of AHMSI, and ***against*** any finding of prejudice to Ms. Baker. *C.f. id.* at 945

25  (finding the court's discretion to be "especially broad" where it is an entry of default

26  being set aside, as opposed to a default judgment; here, default has not yet been entered,

27  making prejudice to the Plaintiff ***especially*** unlikely).

28

                                                    -4-

**A.    AHMSI Did Not Cause the Default Through Culpable Conduct.**

"Only intentional conduct is sufficiently culpable to deny a motion to set aside default." *FOC Fin. Ltd. P'ship*, 612 F. Supp. 2d at 1082.  Culpable conduct includes an ***intentional*** failure to answer, whereas the "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation . . . is not intentional under [9th Circuit] default cases."  *Kajander*, 2010 WL 653386, at \*1; *see also FDIC v. Phoenix Casa Del Sol, LLC*, CV 09-2556-PHX-MHM, 2010 WL 1416043, at \*2 (denying party's Application for Entry of Default where late-filed answer was the result of "a misunderstanding.").

As the facts illustrate, AHMSI's failure to respond to the Complaint was inadvertent, or at most, neglectful, and was in no way due to culpable conduct evidencing a desire to prejudice the Plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process.  [*See generally* Ex. 1 at ¶¶ 3-5]; *Kajander*, 2010 WL 653386, at \*2.  AHMSI's policy is to timely and vigorously defend each lawsuit in which it is named as a defendant.  [Ex. 1 at ¶ 6]  Immediately upon receipt and notice of the Summons and Complaint, AHMSI worked with its outside counsel who entered an appearance in this matter and drafted and filed this Response and a moved to dismiss the Complaint – a very lengthy and generally difficult to interpret pleading seeking in excess of \$1.8 million dollars in damages.  There is no evidence that AHMSI acted with the sort of culpability that would warrant the harsh result of having this case—***where Ms. Baker seeks in excess of \$1.8 million in damages***—decided on a basis other than its merits.  *See Schwab v. Bullock's Inc*., 508 F.2d 353, 356 (9th Cir. 1974) ("Because default judgment is often a harsh response to what might have been a party's negligence, the court faced with a motion to vacate default is required to resolve doubt in the movant's favor.").  *Accord Kajander*, 2010 WL 653386, at \*1; *Eitel*, 782 F.2d at 1472; *Mendoza*, 783 F.2d at 945-46.  AHMSI has provided a credible, good faith explanation for its inability to timely respond the ongoing proceedings and thus it should not be held in default.

**B.    AHMSI Has a Meritorious Defense to the Action.**

As fully set forth in AHMSI's concurrently filed Motion to Dismiss, AHMSI has a meritorious and complete defense to each of Ms. Baker's claims—none of which state a plausible cause of action against anyone, including AHMSI.

**C.    Ms. Baker Will Suffer No Prejudice If the Court Denies the Application for Entry of Default.**

Refusing to grant the Ms. Baker's Application for Entry of Default prejudices no one.  No discovery has occurred, and no discovery deadlines have passed.  Further, a Rule 16 Scheduling Conference has not yet been set, and the merits of Ms. Baker's claims have not yet been addressed in any of the proceedings before the Court.  AHMSI moved to dismiss, simultaneously with this Response, all of Ms. Baker's claims.  Accordingly, the delay to Ms. Baker here—particularly in light of the relief sought—will at worst be *de minimis*.

Conversely, the prejudice to AHMSI if default were entered would be extraordinary; Ms. Baker seeks more than $1.8 million on the basis of meritless claims.

**Conclusion**

Based on the foregoing, AHMSI's failure to timely respond to the proceedings was not due to intentional, culpable conduct.  Rather, AHMSI has offered a "credible, good faith explanation" for the failure to respond to the Complaint, "negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process . . . ." *Kajander*, 2010 WL 653386, at *1.  Further, AHMSI has proffered specific defenses, as fully set forth in its concurrently filed Motion to Dismiss, that constitute a complete defense to Ms. Baker's claims.  *Id.* at *2.  As the delay in responding to the action will not prejudice Ms. Baker's ability to pursue the relief she seeks, her Application for Entry of Default should be denied so this matter may be decided on its merits.

1    Dated:  November 19, 2010                    **PERKINS COIE BROWN & BAIN P.A.**

2

3                                          By: s/ Craig A. Morgan
                                                Tawn T. Pritchette
4                                               Craig A. Morgan
                                                2901 N. Central Avenue, Suite 2000
5                                               Phoenix, AZ  85012-2788

6
                                            Attorneys for Defendant
7                                           American Home Mortgage Servicing, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2    ☒    I hereby certify that on November 19, 2010, I electronically transmitted the

3  attached documents to the Clerk's Office using the CM/ECF System for filing.

4    ☒    I hereby certify that on November 19, 2010, I served the attached document

5  by hand delivery on Judge Mary H. Murguia, United States District Court of Arizona, 401

6  West Washington Street, Phoenix, Arizona 85003-2118.

7    ☒    I hereby certify that on November 19, 2010, I served the attached document

8  by first class mail on the following, who is not a registered participant of the CM/ECF

9  System:

10
      Tari Baker
11    29453 North 51st Street
      Cave Creek, Arizona  85331
12

13                              s/ Janet Roe

14

15  LEGAL19620919.2

16

17

18

19

20

21

22

23

24

25

26

27

28